WHITEHEAD ET AL. *v.* INDIANA FARM BUREAU CO-OPERATIVE ASSOCIATION, INC.

[No. 15,422.   Filed June 18, 1935.   Rehearing denied October 18, 1935.]

*Henning & Youngblood,* for appellants.

*William E. Hart* and *White, Wright & Boleman,* for appellee.

KIME, J.—This is an appeal from an award of the Industrial Board made in favor of the appellee to the effect that the claimants take nothing by their application. The assignment of error is a statutory one—the award is contrary to law.

It appears that the appellants' decedent was an auditor; that he had applied to the appellee for employment and that they answered him with the following letter:

"Mr. Hull has written you a few days ago, stating that we would probably get in touch with you relative to your assisting us with some of our auditing work for our various county organizations.

"This being our busiest season, on account of November and December closings, our present force is not sufficient to take care of all this work within the time during which it should be taken care of. We anticipate that this condition will continue for perhaps about two months, more or less, and if you are in position to assist us in this temporary way, we shall contemplate seeing you here in our office on Monday morning next, December 11th.

"Our rate of pay will be $5.00 per day for each day's work plus your travelling expenses, such as board and keep, you to furnish your own automobile for transportation and stand the expense of its operation; for this we will allow you four cents (4) per mile, not including mileage between Indianapolis and New Harmony at such times as you would desire to make a trip home from time to time. Your work will be principally in the northern or central part of the state, and you will no doubt understand our reason for putting some stipulations on the mileage expense.

"You being willing to accept employment, temporarily, on the above basis, we shall look for you Monday morning. If for any reason you can not be here, please let us know by telegram collect."

On Sunday evening claimants' decedent left his home and started to Indianapolis, the home office of the appellee, and while on his way there was injured fatally.

The finding upon which the order was made ██ included a finding that the death did not arise out of nor was it in the course of his employment. The appellants contend that this finding of fact is contrary to law because it does not contain a finding of fact that appellants' decedent was an employee. This court early in the construction of the act said that there are five facts which must be found before the board can make an award of compensation to the claimants, the failure to find any one of which means that an award can not be made to the claimant. Since the board found that the accident did not arise out of and in the course of the employment and there is some evidence upon which such finding could be made, it would be impossible for the board to make an award to the claimants. This court can not review the evidence and substitute its judgment for that of the board.

Finding no reversible error the order of the Industrial Board is affirmed and it is so ordered.